UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW LUIS MERCADO,

        Plaintiff,

-against-

ORANGE COUNTY COURTS; JUDGE FREHILL; JANINE KOVACS,

        Defendants.

19-CV-11905 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, who is incarcerated at the Orange County Jail, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated January 28, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed two amended complaints on February 20, 2020, and the Court has reviewed them. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND AND DISCUSSION

Plaintiff filed three complaints in this case. In the first two complaints, which name as defendants the "Orange County Courts"; the Orange County District Attorney (DA) and two assistant district attorneys; Judge Robert Freehill; and the Orange County Legal Aid Society, Plaintiff alleges that his constitutional rights are being violated during his ongoing state court criminal proceedings. The third complaint names as the defendant the New Windsor Police Department. In the body of that complaint, Plaintiff alleges that on November 6, 2019, in Newburgh, New York, Detectives Kevin Moore and Frank Volpe unlawfully entered his apartment and falsely arrested him.

In the January 28, 2020 order to amend, the Court dismissed Plaintiff's claims arising out of his ongoing criminal proceedings for the following reasons: the Orange County courts are not a "person" who can be sued under § 1983; the judge, DA, and assistant DAs are immune from suit; and the Legal Aid Society does not qualify as a state actor for purposes of § 1983 liability. The Court further held that it could not intervene in ongoing state court proceedings.

With respect to Plaintiff's claims regarding his November 6, 2019 arrest, the Court noted that Plaintiff has a case pending against the Town of New Windsor Police Department and

Detectives Volpe and Moore. *See Mercado v. Town of New Windsor Police Dep't*, ECF 7:19-CV-11843, 1 (CS) (S.D.N.Y. filed Dec. 26, 2019). The Court dismissed Plaintiff's claims against Volpe, Moore, and the Town of New Windsor Police Department without prejudice to the matter pending case under docket number 19-CV-11843.

In response to the Court's order, Plaintiff filed two complaints naming the same defendants named in his original pleading. One of the complaints asserts claims about his ongoing state court proceedings, and the other one arises out of his November 6, 2019 arrest. The amended complaints are dismissed for the same reasons set forth in the January 28, 2020 order to amend.

To the extent Plaintiff seeks release from custody, the Court liberally construes his submission as a *habeas corpus* petition filed under 28 U.S.C. § 2241. Under § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking § 2241 *habeas corpus* relief, however, a state pretrial detainee must first exhaust her available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion

of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

There is no indication that Plaintiff has exhausted his state court remedies by filing a state-court *habeas corpus* petition that was denied by the New York Supreme Court, Orange County, or by appealing that denial all the way up to the New York Court of Appeals. Because Plaintiff does not show that he exhausted his available state-court remedies before filing his § 2241 petition in this Court, the Court denies without prejudice any application for relief under § 2241.[1]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Plaintiff's claims against the Town of New Windsor Police Department and Detectives Volpe and Moore are dismissed without prejudice to the matter pending under Docket Number ECF 7:19-CV-11843, 1.

Because Plaintiff has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

---

[1] Plaintiff alleges that Defendants are violating the new bail reform law, New York Criminal Procedure law § 510.10 *et seq*. *See, e.g. People v Manon*, Ind. No. 1573/19, 115 N.Y.S.3d 722, 2020 WL 579661 (2d Dep't Feb. 6, 2020). To seek relief under § 2241, Plaintiff must allege that his custody violates federal law, not merely a state law.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 20, 2020
       New York, New York

                                              COLLEEN McMAHON
                                         Chief United States District Judge